UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

REBECCA W. DAVIS and ROGER DAVIS,

                            Plaintiffs,

                v.

DANIELLE RACHLIN MENDOZA, RACHLIN MANAGEMENT CORP., GEORGIAN HOUSE OWNERS CORP,

                            Defendants.

**MEMORANDUM AND ORDER**

23-CV-5634 (LDH) (JRC)

---

LaSHANN DeARCY HALL, United States District Judge:

        On July 27, 2023, Rebecca W. Davis and Roger Davis ("Plaintiffs"), appearing *pro se*, commenced this action against Danielle Rachlin Mendoza, Rachlin Management Corp., and Georgian House Owners Corp. ("Defendants"), seeking an order to show cause for a preliminary injunction and a temporary restraining order ("TRO"), and alleging violations of their rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

        Preliminary injunctions and TROs are "extraordinary and drastic remed[ies]." *See Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007). "It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). Accordingly, a TRO or a preliminary injunction should be granted only where the moving party establishes (1) a likelihood of success on the merits, (2) a likelihood that it will suffer irreparable harm if a preliminary injunction is not granted, (3) that the balance of hardships tips in its favor, and (4) that the public interest is not disserved by relief. *See JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015) (summary order) (outlining the standard for a preliminary injunction).

Notably, a showing of irreparable harm is "'the single most important prerequisite'" for granting either a TRO or preliminary injunction. *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). This element is so critical to the Court's inquiry that the Court need not reach any of the other requirements necessary for the grant of injunctive relief where irreparable harm has not been demonstrated. *See Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66–67 (2d Cir. 2007) ("[T]he moving party must first demonstrate [irreparable harm] is likely before the other requirements for the issuance of an injunction will be considered." (internal quotation marks and citation omitted)). "To satisfy the irreparable harm requirement, [plaintiffs] must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id*. at 66 (internal quotation marks and citations omitted). Plaintiffs have failed to make this showing.

Here, Plaintiffs seek to enjoin Defendants from "following through on any threatened actions to take [Plainitffs'] vehicle, parking space or any other activity against them after July 31, 2023." (Order to Show Cause ("OTSC"), ECF No. 3, at 1.) Plaintiffs further contend that they will "suffer immediate and irreparable injury, loss and damage" because their "vehicle will be towed away" and they will lose the parking space they have owned for over twenty years. (*Id.* at 2.) Plaintiffs also allege that the waiting list for a new parking spot ranges between five and seven years. (*Id.*) Plaintiffs seek "punitive damages in the amount of $500,000, jointly, $250,000, severally for the prejudicial, intimidating, discriminatory, harassing and malicious acts carried out against [them] by Defendants." (Complaint ("Compl."), ECF No. 1, at 11.) Plaintiffs have failed to allege how this purported harm could not be remedied with a damages award, particularly in light of Plaintiffs' request for monetary damages. It is a "cardinal rule" that, as a

2

general matter, allegations of monetary harm are insufficient to establish irreparable harm. *Kebapci v. Tune Core Inc.*, No. 15-CV-7141, 2016 WL 6804919, at *3 (E.D.N.Y. Nov. 16, 2016). Put differently, "[w]here there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005). No such extraordinary circumstances are present in this case.

As to the merits of their claims, Plaintiffs allege violations of the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (Compl. at 5.) "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Plaintiffs fail to make such a showing.

Here, Plaintiffs name as Defendants, Rachlin Management Corp., a private entity, Danielle Rachlin Mendoza, who is the manager of Rachlin Management, and Georgian House Owners Corp., another private entity. (OTSC at 2–3.) Plaintiffs fail to allege that Defendants are state actors or that Defendants' alleged conduct amounts to state action. This omission is fatal. *See United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994) ("[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction."); *see also Manway Constr. Co., Inc. v. Housing Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (finding that if a court does not have subject matter jurisdiction, dismissal is mandatory.") Accordingly, Plaintiffs claims must be dismissed for lack of subject matter jurisdiction.

      For the foregoing reasons, Plaintiffs' proposed order to show cause for a preliminary injunction and temporary restraining order is DENIED and the case is DISMISSED without prejudice. Although Plaintiffs paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiffs and to note the mailing on the docket.

                                         SO ORDERED.

                                         /s/ LDH

                                         LaSHANN DeARCY HALL
                                         United States District Judge

Dated: Brooklyn, New York
       August 24, 2023